IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**RICKY RONNELL EWING, #34353**                                                    **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 5:18-cv-117-DCB-MTP**

**DR. J. BURKE and NURSE M. EMERSON**                           **DEFENDANTS**

<u>**ORDER DENYING PLAINTIFF'S MOTION [5] FOR REHEARING**</u>

BEFORE THE COURT is pro se Plaintiff Ricky Ronnell Ewing's Motion [5] for rehearing which the Court construes as a Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Ewing, an inmate of the Mississippi Department of Corrections, moves the Court to reconsider the Order Denying *In Forma Pauperis* Status and Dismissing Case [3] and Final Judgment [4] dismissing this § 1983 case without prejudice. Consideration of Ewing's arguments in conjunction with the relevant legal authority shows that Ewing's Motion [5] for Reconsideration should be denied.

I.     Standard

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and

quotations omitted); *see also Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law").

II. Discussion

Ewing filed this civil action pursuant to 42 U.S.C. § 1983 and sought leave to proceed *in forma pauperis* ("IFP"). The Court denied Ewing's request to proceed IFP based on his "three-strikes" and found that Ewing was not entitled to proceed under the exception provision of § 1915(g). Order [3] at 4.

In reaching this decision, the Court considered Ewing's claim that he was not provided "proper medical help or care" on July 13, 2017, for chest, back, arm, and leg pain, bad headaches, and a shoulder that bothers him "all the time." Compl. [1] at 4-5. The Court found that Ewing sought redress for a past harm and that his allegations did not reach the level of a serious physical injury. Order [3] at 4. Since Ewing failed to show that he was in imminent danger of serious physical injury at the time of filing this lawsuit he failed to meet the requirements of the exception provision of § 1915(g).

In his Motion [5] for rehearing, Ewing continues to argue that he was in imminent danger in July of 2017, more than a year prior to filing this action and further claims that he did not file this case sooner because he was attempting to complete the exhaustion of his administrative remedies. Ewing also claims that he is disabled and without funds to pay the filing fee.

Ewing does not assert any arguments that he did not already raise in his Complaint or that were not available to him at the time of filing this lawsuit. Ewing seeks reconsideration of the Court's decision but fails to establish manifest error or present newly discovered evidence or

assert any arguments that were not available to him at the time of filing his Complaint. Therefore, Ewing fails to satisfy the requirements for obtaining relief under Rule 59(e).

III.     Conclusion

The Court has considered the pleadings and applicable law. For the foregoing reasons, Ewing's Motion for Reconsideration will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that pro se Plaintiff Ricky Ronnell Ewing's Motion [5] for rehearing which the Court construes as a Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is **DENIED**.

**SO ORDERED**, this the  16th   day of January, 2019.

                                          s/David Bramlette
                                          UNITED STATES DISTRICT JUDGE